HELENA TV, INC., Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

James G. EDMISTON, d/b/a Montana Microwave, Capital City Television, Inc., Intervenors.

No. 15304.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 29, 1960.

Decided Feb. 18, 1960.

Mr. John P. Cole, Jr., Washington, D. C., with whom Mr. E. Stratford Smith, Washington, D. C., was on the brief, for appellant.

Mr. J. Philip Smith, Counsel, Federal Communications Commission, with whom Messrs. Edgar W. Holtz, Associate Gen. Counsel, Federal Communications Commission, Max D. Paglin, Asst. Gen. Counsel, Federal Communications Commission, and Joel Rosenbloom, Counsel, Federal Communications Commission, were on the brief, for appellee.

Mr. John L. FitzGerald, Gen. Counsel, Federal Communications Commission, also entered an appearance for appellee.

Mr. Robert G. Seaks, Washington, D. C., with whom Mr. Edward K. Wheeler and Mrs. Fanney N. Litvin, Washington, D. C., were on the brief, for intervenor Capital City Television, Inc.

Messrs. Jeremiah Courtney and Arthur Blooston, Washington, D. C., entered appearances for intervenor James G. Edmiston, d/b/a Montana Microwave.

Before WILBUR K. MILLER, WASHINGTON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This case involves proceedings subsequent to our remand in Capital City Television, Inc. v. Federal Communications Commission, 269 F.2d 226, decided by this court on May 21, 1959. In that case, we held that the Commission had erred in deciding that a protest filed by appellant there (one of the intervenors here) did not meet the requirements of § 309(c) of the Communications Act, 70 Stat. 3, 47 U.S.C.A. § 309(c), and in dismissing the protest. We ordered that the dismissal of the protest be vacated and the cause remanded to the Commission with instructions to proceed in accordance with § 309(c).

After remand, the Commission issued its order, dated June 30, 1959, stating that it had determined that, even if the facts alleged in the protest were to be proven, no grounds for setting aside the grants to Montana Microwave, an intervenor, had been shown. The Commission, therefore, under the terms of § 309 (c), set the protest for oral argument. The following issues were designated by the Commission to determine whether any of the questions set forth in the protest presented matters which would warrant setting aside the grants in question:

"1. To determine whether the applicant is a *bona fide* common carrier under the circumstances presented in this case.

"2. To determine whether the possible competitive impact by the CATV customer of a microwave common carrier upon a broadcaster should be considered in determining whether the public interest would be served by a grant to a microwave common carrier."

In the same order, however, it was stated that the Commission was unable to find affirmatively that the public interest required the grants to remain in effect pending hearing and decision on the protest. Accordingly, following its construction of § 309(c), the Commission

postponed the effective dates of the grants until final determination following oral argument.

Appellant duly filed petition for reconsideration, which was denied by the Commission in its memorandum and order dated July 13, 1959. After certain intervening proceedings not material here, Helena TV appealed to this court from those orders and asked that that portion of the order of the Commission which postpones the construction permits be reversed. On August 24, 1959, appellant's motion for stay and temporary relief was denied by this court.

Appellant claims that the Commission's conclusion that it was unable to find affirmatively that the public interest required the microwave grants in question to remain in effect pending final determination of the protest proceedings was contrary to established principles of common carrier regulation,[1] and otherwise arbitrary or capricious.

Section 309(c) of the Communications Act provides in material part as follows:

" * * * The hearing and determination of cases arising under this subsection shall be expedited by the Commission and pending hearing and decision the effective date of the Commission's action to which protest is made shall be postponed to the effective date of the Commission's decision after hearing, * * * unless the Commission affirmatively finds for reasons set forth in the decision that the public interest requires that the grant remain in effect, in which event the Commissioner shall authorize the applicant to utilize the facilities or authorization in question pending the Commission's decision after hearing."

Under the circumstances of this case and the facts detailed in the several orders appealed from, we are unable to say that the record as a whole does not support the action of the Commission,

which action seems to us within the Commission's statutory authority and discretion.

The orders appealed from will be affirmed.

Affirmed.

---

1. "Television broadcasting is not a common carrier communication service and its availability is not a proper criteria [sic] upon which to base a 'public interest' finding in a common carrier proceeding." Appellant's brief, p. 9.